Revised 03/06 WDNY

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)



All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**18 CV 6119**EAW

A.    **Full Name And Prisoner Number of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. **Mr. Tynell L. Tisdale, Din: 17-B-2952**

2.

-VS-

B.    **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. **Mr. Ryan Hartley, Police Officer**        4.   Rochester Police Department

2. **Mr. Robert Osiporitch, Police Officer**   5.   Rochester Police Department

3.                                              6.

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION   NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff:   **Mr. Tynell L. Tisdale**

Present Place of Confinement & Address:  **Cayuga Correctional Facility**

  **Post Office Box 1186, Moravia, New York, 13118**

Name and Prisoner Number of Plaintiff:

Present Place of Confinement & Address:

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: **Mr. Ryan Hartley**

(If applicable) Official Position of Defendant: **Police Officer**

(If applicable) Defendant is Sued in **XX** Individual and/or _____ Official Capacity

Address of Defendant: **Rochester Police** Department, **185 Exch**ange **Boulevard,**
**Rochester, New York, 14614**

Name of Defendant: **Mr. Robert Osiporitch**

(If applicable) Official Position of Defendant: **Police Officer**

(If applicable) Defendant is Sued in **XX** Individual and/or _____ Official Capacity

Address of Defendant: **Rochester Police** Department, **185 Exch**ange **Boulevard,**
**Rochester, New York, 14614**

Name of Defendant: _____

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity

Address of Defendant: _____

---

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.  Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
Yes_____ No **XX**

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.  Name(s) of the parties to this other lawsuit:

Plaintiff(s): _____

Defendant(s): _____

2.  Court (if federal court, name the district; if state court, name the county): _____

3.  Docket or Index Number: _____

4.  Name of Judge to whom case was assigned: _____

5.  The approximate date the action was filed: _____

6.  What was the disposition of the case?

      Is it still pending?  Yes_____ No_____

          If not, give the approximate date it was resolved._____

      Disposition (check the statements which apply):

      ____ Dismissed (check the box which indicates why it was dismissed):

          ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

          ____ By court for failure to exhaust administrative remedies;

          ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

          ____ By court due to your voluntary withdrawal of claim;

      ____ Judgment upon motion or after trial entered for

          ____ plaintiff

          ____ defendant.

**B.**  Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

      Yes_____   No **XX**

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1.  Name(s) of the parties to this other lawsuit:

      Plaintiff(s):_____

      _____

      Defendant(s):_____

      _____

2.  District Court:_____

3.  Docket Number:_____

4.  Name of District or Magistrate Judge to whom case was assigned:_____

      _____

5.  The approximate date the action was filed:_____

6.  What was the disposition of the case?

      Is it still pending?  Yes_____ No_____

          If not, give the approximate date it was resolved._____

Disposition (check the statements which apply):

\_\_\_\_ <u>Dismissed</u> (check the box which indicates why it was dismissed):

    \_\_\_\_ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    \_\_\_\_ By court for failure to exhaust administrative remedies;

    \_\_\_\_ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    \_\_\_\_ By court due to your voluntary withdrawal of claim;

\_\_\_\_ <u>Judgment</u> upon motion or after trial entered for

    \_\_\_\_ plaintiff

    \_\_\_\_ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | X• • Search & Seizure |
| • Free Speech | X• • False Arrest | • Malicious Prosecution |
| X• • Due Process | X• • Excessive Force | • Denial of Medical Treatment |
| X• • Equal Protection | X• • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must <u>provide</u> <u>information</u> about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must <u>attach</u> <u>copies</u> of any decisions or other documents which indicate that you have exhausted your remedies for <u>each</u> claim you assert in this action.

4

A. FIRST CLAIM: On(date of the Incident) February 26th, 2011 at 19th Street of Rochester, New York.

First Defendant, Mr. Ryan Hartley, Police Officer
Second Defendant, Mr. Robert Osiporitch, Police Officer

Violated my Due Process Rights, from an Unlawful Search and Seizure, False Arrest, Use of Force. From an Initial Traffic Stop, that never occured because the vehicle in question was Parked at the time of Approach by the Two police Officer's, and I was the Passenger in the Car, not the Driver. Officers, Mr. Hartley and Osiporitch claimed that there was Alcohol in the Car. When Officer Hartley, approached the car he never observed me in Possession of the alleged Alcohol. He had no Actual Probable Cause to Stop the Vehicle, Search me and further charge me with consumption or possession of Alcohol in a Motor Vehicle, or had the Right to tell me to Exit the Vehicle with False Probable Cause, in which Brought the very cause for my Rights to be Violated.

The Constitutional basis for this claim under §42 U.S.C. § 1983 is: Violation's of my Due Process Rights, False Arrest, Use Of Force, Illegal Search and Seizure.

The Relief I am seeking for this claim is: For the Conviction that was caused by this Unlawful Acts, be Compensated as Compensatory Damages, for the Years that were taken from me of Actual Damages of my Constitutional Rights being Violated, and further Mental Stress, Pain and Suffering, thereto.

"THERE WAS NO GRIEVANCE FILED IN THIS MATTER"

--------------------------------------------------------------------------------

A. SECOND CLAIM: On(date of the Incident) February 26th, 2011 at 19th Street of Rochester, New York.

First Defendant, Mr. Ryan Hartley, Police Officer.
Second Defendant, Mr. Robert Osiporitch, Police Officer.

Police Officer's, Ryan Hartley, and Robert Osiporitch, did infact Violated my Due Process Rights, by bringing fourth an Illegal Search and further forcing me to a full Stripped Search without any and/or Proper Warrant causing the very Violation of my Fourth (4) Amendment Right, which Forbids any Intrusions, beyond the Body Surface.

The Constitutional basis for this claim is under §42 U.S.C. §1983 is: Violation's of my Constitutional Due process Rights being Violated Under The U.S.C.A. Const. Amendment Fourth (4).

The Relief I am seeking for this claim is: That this Conviction that was caused by this Unlawful Acts, be Compensated as Compensatory Damages, for the Years that were taken from me of Actual Damages of my Constitutional Rights being far Violated and further Mental Stress, Pain and Suffering, thereto.

PLEASE TAKE NOTICE, there are no apparent Grievances filed in this matter as it is not a grievable issue, and further an issue and matter of outside the Department Of Corrections, and therefore a matter of an Unlawful Arrest in that Plaintiff was and did get Exonerated of all Charges and Crime's falsely accussed for, as you will find attached the necessary documents to show cause as to this Claim's herein, as follows. (Exhibit's "A and B")

5

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**



Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202
(716) 551-1700

2120 U.S. Courthouse
100 State Street
Rochester, New York 14614
(585) 613-4000

**MARY C. LOEWENGUTH**
CLERK OF COURT

www.nywd.uscourts.gov

CHARLES S. CARRA, ESQ.
BETSY STERLING, ESQ.
H. LISA REAGAN, ESQ.
Pro Se Staff Attorneys

CARLA N. PEREZ
Pro Se Paralegal

January 31, 2017

Tynell L. Tisdale, 242193
Monroe County Jail
130 S. Plymouth Ave.
Rochester, New York 14614

Re: Letter dated January 22, 2017 and received January 30, 2017: Tisdale v. Police
Officer Ryan Hartley, 13-CV-0022Sr

Dear Mr. Tisdale:

Your letter dated January 22, 2017 and received by this Court on January 30, 2017 has
been referred to this office for response.

Your letter notes that you filed a case in this court back in 2012 or 2013 and encloses a
copy of a docket sheet in the case of *Tisdale v. Hartley*, 13-CV-0022Sr. You claim that
the Order entered in your case indicated that you could not file the lawsuit at that time
because you were still waiting on an appeal from your conviction and that now because
you "won [your] appeal off parole and the felony is gone … you now [are] ready to
res[submit your] law[suit]."

Please be advised, however, that you complaint was dismissed and that if you want to
re-file it based on the basis set forth in your letter, you will need to file another lawsuit
in this court, including a complaint and motion to proceed *in forma pauperis*. The Court
cannot simply re-open your case that had been dismissed previously. A U.S. district
court judge only has the jurisdiction over an issue which is granted to the Court by Title
28 of the United States Code, and unless there is an active case in the court, the judge

(Exhibit "A")                                                          Back

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202
(716) 551-1700



www.nywd.uscourts.gov

2120 U.S. Courthouse
100 State Street
Rochester, New York 14614
(585) 613-4000

**MARY C. LOEWENGUTH**
CLERK OF COURT

CHARLES S. CARRA, ESQ.
JAMES G. ECKERT, ESQ.
JANELLE OLSEN, ESQ.
ERIN TUBBS, ESQ.
Pro Se Staff Attorneys

**SEAN C. ELDRIDGE, ESQ.**
SPECIAL COUNSEL TO THE CHIEF JUDGE

CARLA N. PEREZ
Pro Se Paralegal

September 25, 2017

Tynell L. Tisdale, 242193
Monroe County Jail
120 Plymouth Avenue
Rochester, New York 14614

Re: Tisdale v. Hartley, et al., 13-CV-0022Sr

Dear Mr. Tisdale:

Your letter to the Court dated September 17, 2017, has been referred to this Office for a response. You ask if you have any pending cases and if not how the Court can re-open the above-referenced case for you. As you were advised back on January 31, 2017, you have no active case pending in this Court and the above-referenced case was dismissed on July 9, 2013 (Docket Nos. 7, Order, and 8, Judgment.) You were also advised that the Court could not re-open the case for you sua sponte (on its own) and that if you believed that you have grounds for a federal lawsuit and therefore wished to initiate a case in the court *pro se* (which is the Latin term used in federal courts to describe cases brought by litigants who are not represented by attorneys), you must file a complaint and motion to proceed *in forma pauperis*.

I enclose a copy of the letter, dated January 31, 2017, and a the materials for filing a new case in this court if you believe you have good faith grounds to do that. *See* Fed. R. Civ. P. 11; 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Very truly yours,

Charles S. Carra
Pro Se Staff Attoney

Enc.

(Exhibit "B")

## "STATEMENT OF FACTS"

**PLEASE TAKE NOTICE,** that on February 26th, 2011 I was sitting in a parked car with a friend. I was the passenger. Police approached the car talking about the vehicle was more then a foot from the curb. They then ask the Driver Mr. Robert McFadden, if he had a license, he did and he gave it to the Police Officer. Once he did that they told him to get out of the Vehicle, as he was doing that the other Officer Ryan Hartley, came to the passenger door and told me to get out, so I did as I was told to, and got out of the vehicle in which soon as I stepped out of the vehicle he place me in handcuffs. Then without a cause or any reason's he untied the string from my sweatpants and further pulled them down to my knees in the middle of the City Streets and further took a Flash light and started by looking under my Genitals with the flash light. Once he didn't see anything he threw me on the back of his Police car with my hands still cuffed and proceeded to to do the same thing to my back side looking directly at my Anal Cavity with his flash light. Then with his hands and flash light he went further into my Anal Cavity in which at that time he pulled out a plastic bag containing 8-balls of crack. He this with no Probable Cause or any Warrant for a Body Search. I spent (13) Months in the County Jail fighting the case at hand and charges, and ended up getting Six (6) years Flat, in which I then when Upstate and did a total of (4) more years of which I came home on March 17th, 2016 and by June 17th, 2016 I had won my Appeal and was taken off Parole and the Felony vacated. I did pleaded out to the (6) years because I was really under pressure and being mislead by my Attorney, and further felt I should had won my Suppression Hearings because the very same statements hereto as said was said in an open Court while the Suppression Hearing was being done in which Officer, Mr. Ryan Hartley did Testified to the actual Claims said in this Claim herein. Where in every detailed testimony by Officer Ryan Hartley, should have been considered a dismissal of all charges, but this was not the case at hand so before I get railroaded I went on and Pleaded instead of going to trial so I ttok the plea and kept my rights to Appeal further. So once I got Sentenced on March 15th, 2012 I started my Appeal Process.

**FURTHERMORE,** On December of 2011 my suppression hearing was held on Officer Ryan Hartley, in which he took the stand and never denied that he untied my Strings from my sweatpants, and pulling them down to my knees, in open view of the City Streets. Further he never denied that he further search my personal parts of my body, as to my Genitals and further using a flash light to further search my Anal cavity to further pull something out of my Anal area. However the Appellate Court seen this matter differently and granted me suppression of the drugs and how this was conducted, on June 17th, 2016 I was responded back with the answer of the December 9th, 2011 Suppression hearing on January 31st, 2011 and they began a trail on February 6th, 2012.

## ""'ARGUAMENT'""

**Petitioner,** brings this Civil Rights Complaint Suit Under **42 U.S.C. §1983** and **28 U.S.C. §1331** to obtain Relief from an Unlawful Act, and Violations of the Federal Law, for Violations of Several U.S. **Constitution** and **Civil Rights.** Using the Civil Rights Act of **1871** (**"Section 1983"**) As to my **Forth (4th) Amendment,** A Search **and Seizure and Body Searchs**-**"your right to be free from any Illegal Body Searches".** The **Forteenth (14th) Amendment "Discrimination on the basis of race, ethnicity, and color, etc.,"** An Equal Protection Clause."

**Upon Review,** of the Pertinent documents of from the Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department, you will find that a full Reversal was done in the Petitioners favor. (**Exhibit "C"**)

**Further,** it is the Contention of the Highest Court of Judicial Review who saw each and every element of the said crime and charges to further being dismissed entirely to the satisfaction and favor of the petitioner herein.

**Furthermore,** in everyway it is to be noted that the petitioner contain his every honor and continue to relate the very truthful statements thereto as said fourth in every statements made to and from the lower Courts to the higher level in order to see the very Violations of the Petitioners Civil and the very error in Violations of the Constitutional Rights thereafter.

**TAKE FURTHER NOTICE,** THAT THE FOLLOWING VIOLATIONS DID ,AND CONTINUE TO FALL UNDER,              **Article I (Bill Of Rights)**

11. **Equal Protection of Laws; Discrimination in Civil Rights Prohibited.**

12. **Security against Unreasonable Searches, Seizures and Interceptions.**

See; **Brown V. State, 89 N.Y.2d 172, 674 N.E.2d 1129, 652 N.Y.S.2d 223 (1996), Furthermore in, Brown V. State, 89 N.Y.2d 172-188, 674 N.E.2d 1129-1139, 652 N.Y.S.2d 223-233 (1996)....[W]**e concluded that a Cause of Action to recover damages may be asserted against the State for Violations of the Equal Protection and Search and Seizure Clauses of the State's Constitution.

Also See; **N.Y. Const. Art. I § II (Equal Protection Clause); N.Y. Const. Art. 1 § 12 (Search and Seizure Clause);** Where **Bin Wahad V. FBI, 994 F. Supp. 237 -239 (S.D.N.Y.1998),** (Stated that **Brown** recognized a **"Narrow Remedy"** against the State of New York for Violations of equal protection and search and seizure that guarantees of the New York State Constitution).

## ""PROCEDURAL DUE PROCESS""

**PETITIONER,** has a right to procedural Due Process under the **Fifth** and **Fourteenth Amendments.** This means that the Government cannot deprive you of **Life, Liberty,** or **Property** without going through certain procedures of **(Due Process).** In that petitioner's Due Process Rights were Violated Thus, **Firstly,** that the petitioner was held and/or Falsely Arrested which deprived him of Liberty. And **Secondly,** that the incident of which occurred did infact deprived petitioner without enough procedural protection. Thus, Procedural Protection refers to the requirement that deprivations of the Due Process are at least subject to certain Procedural Safeguards. These Safeguards include the right to counsel, and an opportunity to speak in one's own defense; All of which serve to protect the **Quote-Prisoner,** of the Use of Force. See, e.g., **Sandin V. Connor, 515 U.S. 472, 487, 115 S. Ct. 2293-2302, 132 L. Ed. 2d 418-432 (1995).**

**Further,** Substantive Due Process an Aspect of the Due Process Clause, says that the Government may not interfere with your fundamental individual rights in anyway that is not **"Reasonably"** related to legitimate penological interests. In **Turner V. Safley, 482 U.S. 78-87, 89 S. Ct. 2254-2261, 96 L. Ed. 2d 64, 77-79 (1987),** Finding that Procedural Regulations taken affect to the Constitutional Rights.

EXHIBIT C

# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**532**
**KA 12-00819**
PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

       V        MEMORANDUM AND ORDER

TYNELL L. TISDALE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, SULLIVAN & CROMWELL
LLP, NEW YORK CITY (CHRISTOPHER G. HORNIG OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF
COUNSEL), FOR RESPONDENT.

---

  Appeal from a judgment of the Supreme Court, Monroe County
(Joanne M. Winslow, J.), rendered March 15, 2012.  The judgment
convicted defendant, upon his plea of guilty, of criminal possession
of a controlled substance in the third degree, criminal possession of
a controlled substance in the fourth degree, unlawful possession of
marihuana and consumption or possession of alcoholic beverages in
certain motor vehicles.

  It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law, the plea is vacated, that part of the
motion seeking to suppress physical evidence relating to the first and
second counts of the indictment is granted, the first and second
counts of the indictment are dismissed and the matter is remitted to
Supreme Court, Monroe County, for further proceedings in accordance
with the following memorandum:  Defendant appeals from a judgment of
Supreme Court (Winslow, J.) convicting him, upon his plea of guilty,
of criminal possession of a controlled substance in the third degree
(Penal Law § 220.16 [1]), criminal possession of a controlled
substance in the fourth degree (§ 220.09 [1]), unlawful possession of
marihuana (§ 221.05), and consumption or possession of alcoholic
beverages in certain motor vehicles (Vehicle and Traffic Law § 1227
[1]).  We agree with defendant that County Court (Geraci, J.) erred in
refusing to suppress the cocaine recovered during an unlawful search
of his person by the police.

  According to the evidence presented at the suppression hearing,
the police approached a vehicle parked more than 12 inches from the
curb on a city street, which constitutes a traffic infraction.  Upon
observing two open bottles of beer in the center console, an officer
directed defendant, who was in the front passenger seat, to exit the
vehicle.  Defendant complied, identifying himself and providing the
officer with his name, address, and social security number.  Noting

that defendant's left hand was clenched, the officer asked defendant
to open that hand and, when defendant did so, the officer observed a
dollar bill containing marihuana residue.  The officer handcuffed
defendant and asked him if there was anything on his person that could
harm the officer.  Defendant responded in the negative.  When asked if
he had any illicit substances on him, defendant directed the officer
to the front pocket of his sweatpants, from which the officer pulled a
small bag of marihuana.  Defendant denied having any other contraband.

Without conducting any further pat down of defendant or gathering
any other information, the officer untied the string holding up
defendant's sweatpants, pulled the front of the sweatpants and
defendant's underwear away from defendant's body, and looked down the
front of defendant's body, past his genitals to his thighs.  Observing
no contraband, the officer directed defendant to lean over the rear of
the vehicle, whereupon he pulled back defendant's sweatpants and
underwear at the rear of defendant's body and observed a bag in the
area "underneath" his buttocks.  The officer retrieved the bag, which
was later determined to contain crack cocaine.  Another small bag
containing crack cocaine was found by the officer in the same general
area.

As the People correctly concede, the search performed by the
officer constituted a strip search (see People v Smith, 134 AD3d 1453,
1454), which must be justified by "a reasonable suspicion that the
arrestee is concealing evidence underneath clothing" (People v Hall,
10 NY3d 303, 310-311, cert denied 555 US 938).  We conclude that the
officer did not have the requisite reasonable suspicion.  Defendant
was fully cooperative with the officer, admitting his possession of
marihuana and denying possession of any other contraband.  There was
no indication that defendant might be concealing any contraband under
his clothing, and the mere fact that he possessed marihuana does not
justify a strip search.  Although the People assert that the search
was justified because defendant appeared to be nervous about being
searched, the record reflects that defendant became nervous only after
the officer began to perform the strip search (cf. People v Walker, 27
AD3d 899, 900-901, lv denied 7 NY3d 764).  We therefore reverse the
judgment, vacate the plea, grant that part of defendant's motion
seeking to suppress the cocaine, dismiss the first and second counts
of the indictment, and remit the matter to Supreme Court for further
proceedings on the remaining counts.

                                        Frances E. Cafarell

Entered:   June 17, 2016

                                        Clerk of the Court

## ""FOURTEENTH AMENDMENT CLAIMS DUE PROCESS CLAUSE""

The **Due Process Clause** of the **Fourteenth Amendment** says that the State cannot **"deprive any person of life, liberty, and/or property without Due Process of Law; U.S. Const. Amend. XIV, §1. The 14th Amendment** applies to State Government. The 5th Amendment contains an identical prohibition; **"No Person Shall be....**deprived of Life, Liberty, or Property, without Due Process of Law", U.S. Const. Amend. V. in Challenges Under §1,14th and 5th Amendment Rights. In

that Courts have said that this Creates Two Separate Types of Protections, as to **"Substantive** and **Procedural Due Process",** thereto.

## ""RELIEF SOUGHT""

**Petitioner,** ask that he be Compensated for every day, months and years he spent in Prison on this Conviction in question. Further, that for every cause to me and family of hardship, mental anguish, stress, as well Pain and Suffering I request that I be granted Money Damages, Compensatory Damages for Actual Damages Caused, in each and their own Capacity as the Court may Deem and Proper in the fairness of Justice.....**For the Amount of $5,000,000,000 Million Dollars.**

## ""JURY TRIAL IS HEREBY BEING REQUESTED""

--------------------------------------------------------------------

I declare under penalty of perjury that the foregoing is true and thereto correct.

Executed on  January 15th, 2018

X _Tynell Tisdale_

Mr. Tynell L. Tisdale, #17-B-2952
Cayuga Correctional Facility
P.O. Box 1186
Moravia, New York, 13118

9

18 CV 6119 EAW

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tynell L. Tisdale #17-B-2952 | Ryan Hartley et al.   FEB - 6 2018 |

**(b)** County of Residence of First Listed Plaintiff   Cayuga
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Monroe
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
pro se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
   *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☒ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 540 Mandamus & Other | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC 1983

Brief description of cause:
Prisoner Civil Rights Violation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____