UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TYNELL TISDALE,

                Plaintiff,

v.

MR. RYAN HARTLEY, *Police Officer*,
MR. ROBERT OSIPORITCH, *Police Officer*,

                Defendants.
_____

**DECISION AND ORDER**

6:18-cv-06119 EAW

## INTRODUCTION

*Pro se* plaintiff Tynell Tisdale ("Plaintiff") asserts claims pursuant to 42 U.S.C. § 1983 against defendants Rochester Police Department Officers Ryan Hartley ("Officer Hartley") and Robert Osiporitch ("Officer Osiporitch") (collectively "Defendants") related to a strip search on February 26, 2011. (Dkt. 1). On January 28, 2019, the Court issued a Decision and Order screening Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and permitting him to proceed to service on a claim for false arrest and a claim for unlawful search. (Dkt. 12) (the "Screening Order").

Currently before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants. (Dkt. 15). For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the Complaint and the documents attached thereto. As required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

On February 26, 2011, Officers Hartley and Osiporitch approached the car in which Plaintiff was a passenger. (Dkt. 1 at 5, 10). Defendants falsely "claimed that there was alcohol in the car," and asked the driver and Plaintiff to get out of the vehicle. (*Id.*). Plaintiff was placed in handcuffs and, "without a cause or any reason," Officer Hartley untied Plaintiff's sweatpants and pulled them to his knees. (*Id.* at 10). Officer Hartley used his hands and a flashlight to search Plaintiff's anal cavity and recovered a plastic bag containing crack cocaine. (*Id.*).

Plaintiff was arrested and subsequently pled guilty to and was convicted of criminal possession of a controlled substance in the third and fourth degrees, unlawful possession of marijuana, and consumption or possession of alcoholic beverages in a motor vehicle. (*Id.* at 13). Plaintiff appealed his conviction and sought to suppress the physical evidence relating to the first and second counts of the indictment. (*Id.*). On June 17, 2016, the New York State Appellate Division, Fourth Department found that the strip search was not justified and vacated Plaintiff's guilty plea, granted the portion of Plaintiff's motion seeking to suppress the crack cocaine, dismissed the first and second counts of the indictment, and remitted the matter to the Supreme Court, Monroe County for further proceedings on the remaining counts. (*Id.* at 13-14); *People v. Tisdale*, 140 A.D.3d 1759, 1760 (4th Dep't 2016).

While his appeal was pending in 2013, Plaintiff filed a *pro se* complaint in this District alleging substantially similar claims to the instant action and seeking relief under 42 U.S.C. § 1983. (*See Tisdale v. Hartley*, Civil Action No. 13-CV-0022, Dkt. 1). Plaintiff's case was dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*, Dkt. 7). After some correspondence with the Court wherein Plaintiff sought to reopen his 2013 action (*id.*, Dkt 9; *id.*, Dkt. 10; *id.*, Dkt. 11; *id.*, Dkt. 12; *id.*, Dk. 13), Plaintiff initiated the instant action on February 6, 2018 (Dkt. 1).

The Court entered the Screening Order on January 28, 2019. (Dkt. 12). The Court dismissed all of Plaintiff's claims against the Rochester Police Department but allowed Plaintiff to proceed to service on his false arrest and unlawful search claims against Officers Hartley and Osiporitch. (*Id.*).

Defendants filed the instant motion on March 27, 2019. (Dkt. 15). Plaintiff filed his response on April 22, 2019. (Dkt. 20)[1].

## DISCUSSION

### I. <u>Legal Standard</u>

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court

---

[1] Plaintiff labeled his response a "motion of opposition to Defendants' motion to dismiss," and it was docketed as a motion by the Clerk of Court's Office. (Dkt. 20). However, Plaintiff does not seek any relief other than asking that Defendants' motion be denied. Accordingly, his "motion" is fully resolved by the instant Decision and Order.

should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2279 (2017). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

Here, the Court previously screened Plaintiff's claims and permitted those asserted against Officers Hartley and Osiporitch to proceed to service. (Dkt. 12). However, a court's initial screening of a complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) does not preclude a later dismissal pursuant to Rule 12(b)(6). *See Sawyer v. N.Y.S. Dep't*

*of Corr. Servs.*, No. 11-CV-152S F, 2015 WL 6641471, at *3-4 (W.D.N.Y. Oct. 28, 2015); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 435 n. 29 (N.D.N.Y. 2009) (collecting cases).

II. <u>Plaintiff's False Arrest Claim</u>

Defendants argue that Plaintiff's false arrest claim must be dismissed because they had probable cause to arrest him. (Dkt. 15-1 at 1). In particular, Defendants note that it is undisputed that crack cocaine was found in Plaintiff's sweatpants, and they argue that the subsequent invalidation of the search does not render the arrest unconstitutional. (*Id.* at 1-2).

The Court agrees with Defendants that Plaintiff's false arrest claim must be dismissed. "A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of [the] claim. . . ." *Potter v. Port Jervis Police Dep't*, No. 19-CV-10519 (CM), 2020 WL 528823, at *4 (S.D.N.Y. Feb. 3, 2020). Under New York law, a plaintiff claiming false arrest "must show that: '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Id.* (alteration omitted and quoting *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012)). Of particular relevance here, "[a]n arrest is privileged if it is based on probable cause." *Id.*; *see also Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quotation omitted)). "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be

arrested has committed or is committing a crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (citation omitted).

In criminal cases involving unlawful searches, courts apply the "fruit of the poisonous tree doctrine," which is "an extension of the long-recognized exclusionary rule" and "excludes evidence obtained from or as a consequence of lawless official acts." *Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999). However, "this evidentiary doctrine is inapplicable to civil § 1983 actions." *Id.*; *see also DiMascio v. City of Albany*, 205 F.3d 1322, 2000 WL 232053, at *1 (2d Cir. 2000)(unpublished table decision) ("[A]ppellant's theory that the officers lacked probable cause to arrest him is founded on the 'fruit of the poisonous tree' doctrine, or, as applied to this case, the notion that the officers necessarily lacked probable cause to arrest him for unlawful possession of the knives and gun because they lacked probable cause to make the stop that led them to discover this evidence. We have held, however, that the fruit of the poisonous tree doctrine is inapplicable to civil § 1983 actions." (quotation omitted)); *White v. City of New York*, No. 15-CV-3321(PKC)(RER), 2018 WL 1545676, at *4 (E.D.N.Y. Mar. 29, 2018) ("[E]ven if the search of Plaintiff's apartment was improper under the Fourth Amendment, that would not negate the existence of probable cause, because it is well settled that the fruit of the poisonous tree doctrine cannot be invoked to support a section 1983 claim." (quotation and original alteration omitted)). In other words, in assessing a false arrest claim under § 1983, the probable cause analysis does not depend on whether the evidence relied upon by the defendant officers was improperly obtained.

Here, Plaintiff has attached to his Complaint a "Statement of Facts" in which he acknowledges that Officer Hartley recovered "a plastic bag containing 8-balls of crack" from the strip/cavity search. (Dkt. 1 at 10); *see Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) (in considering a motion pursuant to Rule 12(b)(6), the Court may consider "facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference"). Under these circumstances, a person of reasonable caution would conclude that Plaintiff had committed or was committing a crime, and so Defendants had probable cause to arrest Plaintiff. *Cf. Gonzalez*, 728 F.3d at 162 ("Here, the officers found crack cocaine in [the plaintiff's] rectum, eliminating any doubt that [the plaintiff] was, in fact, guilty of at least criminal possession of a controlled substance."). The fact that the search that revealed the drugs was subsequently found unlawful does not retroactively render the arrest a false one for purposes of § 1983.

For all these reasons, the Court agrees with Defendants that Plaintiff has failed to state a cognizable claim for false arrest pursuant to § 1983 and grants the motion to dismiss as to this claim.

### III. Plaintiff's Unlawful Search Claim

Turning to Plaintiff's unlawful search claim, Defendants seek dismissal on the basis of qualified immunity. The Court finds this argument meritless.

"Qualified immunity protects public officials from civil liability . . . if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Coggins v. Buonora*, 776 F.3d 108, 114 (2d Cir. 2015). "[Q]ualified immunity is often best decided

on a motion for summary judgment when the details of the alleged deprivations are more fully developed." *Walker v. Shult*, 717 F.3d 119, 130 (2d Cir. 2013).

Here, Defendants acknowledge that it is well-established that "a strip search must be supported by a reasonable suspicion of possession of contraband." (Dkt. 15-1 at 2). However, they then assert that "the record is clear that Defendants pulled open the waistband of Plaintiff's sweatpants and peered inside for drugs, after finding marijuana in both his hands and his pants pockets," and that a reasonable officer would not understand these actions to constitute an unlawful strip search. (*Id.*). Defendants' factual recitation is vastly different from the allegations in Plaintiff's Complaint, wherein he alleges that Defendants falsely claimed there was alcohol in the car in which he was a passenger, told him to get out of the vehicle, placed him in handcuffs, and then, without further warning, pulled his sweatpants to his knees and searched his anal cavity with hands and a flashlight. (*See* Dkt. 1 at 10).

Defendants maintain that their version of events is supported by the Appellate Division's Memorandum and Order, which Plaintiff has attached as an exhibit to his Complaint. (Dkt. 15-1 at 4; *see* Dkt. 1 at 13-15). It is true that the Appellate Division, in summarizing the evidence presented at the suppression hearing, described the search differently than Plaintiff has described it in his Complaint. *See Tisdale*, 140 A.D.3d at 1760. However, it is not clear to the Court that these statements constitute affirmative factual findings by the Appellate Division, as opposed to a recitation of the officers' testimony, which had been credited by the trial court. *See People v. Layou*, 134 A.D.3d 1510, 1511 (4th Dep't 2015) (explaining that on appeal of denial of a motion to suppress,

New York appellate courts review factual determinations solely for clear error and afford "great deference" to the trial court's credibility determinations). Defendants' papers do not address this issue or otherwise establish that Plaintiff should be collaterally estopped by the Appellate Division's summary of the evidence adduced at the evidentiary hearing.[2] Accordingly, the Court finds no reason to deviate from the general rule that a plaintiff's version of events must be credited on a motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) ("In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." (citation and internal quotation marks omitted)).

In turn, accepting Plaintiff's characterization of the facts, it is clear that dismissal on the basis of qualified immunity is not warranted. The Second Circuit has long held that the Fourth Amendment prohibits "strip/body cavity searches" of the kind at issue here "unless the officials have a reasonable suspicion that the arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest." *Weber v. Dell*, 804 F.2d 796, 802 (2d Cir. 1986). Nothing in Plaintiff's allegations suggests that any reasonable officer could have concluded

---

[2] The Court notes that the Appellate Division expressly concluded that "the search performed by the officer constituted a strip search" and that "[t]here was no indication that [Plaintiff] might be concealing any contraband under his clothing." *Tisdale*, 140 A.D.3d at 1760. In other words, even crediting the officers' testimony, the Appellate Division still found that there was no reasonable suspicion to justify a strip search.

- 9 -

the requisite reasonable suspicion existed, and so the Court will not dismiss the unlawful search claim on the basis of qualified immunity.

IV. **Plaintiff's Excessive Force Claim**

Defendants argue that Plaintiff cannot maintain an excessive force claim because he "neither alleges that any force was used against him, nor does he present any evidence of force in the record attached to his Complaint." (Dkt. 15-1 at 4). The Court did not interpret Plaintiff's Complaint as attempting to assert a claim for excessive use of force, and so it did not assess the adequacy of any such claim in the Screening Order. However, in his opposition to Defendants' motion, Plaintiff seems to indicate that he is asserting such a claim, stating that "the action(s) of Defendants amounted to excessive forcefulness, when he was subjected to a strip frisk on a public city street, with pedestrians looking on, as defendants explored his anal cavity with their hands and flash light." (Dkt. 20 at 4). Accordingly, the Court now considers whether Plaintiff has asserted a viable excessive force claim and concludes that he has not.

"The Fourth Amendment, which protects against unreasonable seizures, governs a claim that excessive force was used in connection with an arrest." *Mickle v. Morin*, 297 F.3d 114, 120 (2d Cir. 2002). "[T]he reasonableness question is whether the officers' actions were 'objectively reasonable' in light of the facts and circumstances . . . without regard to their underlying intent or motivation." *Id.* In the context of a strip/cavity search, a plaintiff may make out a claim of excessive force under the Fourth Amendment if a police officer engages in "sexual misconduct." *Santiago v. City of Yonkers*, No. 13-CV-1077 TPG, 2015 WL 6914799, at *6 (S.D.N.Y. Oct. 30, 2015); *see also Granger v. Santiago*,

No. 3:19CV60(MPS), 2019 WL 1644237, at *7 (D. Conn. Apr. 16, 2019) (permitting excessive force claim to proceed where the defendant "conducted the manual body cavity search for the purpose of humiliating [the defendant] rather than for a legitimate penological purpose").

Here, the allegations in Plaintiff's Complaint do not establish an excessive force claim. There is no allegation that the search was performed for the purpose of humiliating Plaintiff or providing sexual gratification to the officers. To the contrary, Plaintiff's own allegations make it clear that the officer was looking for contraband. (*See* Dkt. 1 at 10 (alleging that Officer Hartley initially looked "under [Plaintiff's] Genitals" and only looked into Plaintiff's anal cavity "[o]nce he didn't see anything")). Plaintiff also has not alleged any other facts that would support a claim of excessive force. Accordingly, the Court does not find that Plaintiff has alleged a viable excessive force claim, and to the extent such a claim is asserted in the Complaint, it is dismissed.

## V. CLAIMS AGAINST THE ROCHESTER POLICE DEPARTMENT

Defendants' final argument is that the Rochester Police Department, which was initially named as a defendant in this action, lacks the capacity to be sued. (Dkt. 15-1 at 4). However, the Court has already dismissed all claims against the RPD. (Screening Order at 4-5). As such, this aspect of Defendants' motion is denied as moot.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Dkt. 15) is granted in part and denied in part. Specifically, Defendants' motion is granted with respect to the

false arrest and excessive force claims, is denied as to the unlawful search claim, and is denied as moot as to the claims against the RPD.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 2, 2020
      Rochester, New York